**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Ronald C. KLINE, a/k/a Ronald Kline and Ronald Craver Kline, Defendant—Appellee.**

No. 03–50349, 03–50585.

D.C. No. CR–02–00040–CBM–01.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2004.*

Decided Oct. 4, 2004.

---

**1.** 28 U.S.C. § 2254(d)(1).

**2.** See *Rushen v. Spain,* 464 U.S. 114, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983); *Remmer v. United States,* 350 U.S. 377, 76 S.Ct. 425, 100 L.Ed. 435 (1956).

**3.** 28 U.S.C. § 2254(d)(2).

**4.** 28 U.S.C. § 2254(d)(1).

**5.** 28 U.S.C. § 2254(d)(2).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Ronald L. Cheng, Esq., Michael J. Raphael, Esq., Office of the U.S. Attorney, Los Angeles, CA, Deirdre Z. Eliot, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellant.

Janet I. Levine, Lightfoot, Vandevelde, Sadowsky, Medvene, & Levine, Los Angeles, CA, Paul S. Meyer, Esq., Law Offices of Paul S. Meyer, Costa Mesa, CA, for Defendant–Appellee.

Before THOMPSON, SILVERMAN, and WARDLAW, Circuit Judges.

MEMORANDUM **

The United States appeals the district court's order suppressing evidence found pursuant to search warrants that were obtained using evidence from an illegal search of defendant Ronald Kline's computer by Bradley Willman, a Canadian citizen. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

▪ It is long-settled law that the Fourth Amendment is directed at only state action. *Burdeau v. McDowell,* 256 U.S. 465, 475, 41 S.Ct. 574, 65 L.Ed. 1048 (1921). Searches by private individuals are subject to the restrictions of the Fourth Amendment only if the private individual is acting as an instrument or agent of the government at the time of the search. *U.S. v. Reed,* 15 F.3d 928, 931 (9th Cir. 1994). An individual is an "instrument or agent" of the government if "the government knew of and acquiesced in the intrusive conduct, and ... the party performing the search intended to assist law enforcement efforts." *U.S. v. Miller,* 688 F.2d 652, 658 (9th Cir.1982).

There is ample evidence to support the district court's finding that Willman was acting with the intent to aid law enforcement. This is not enough, however, to find that Willman was acting as a government agent when he searched Kline's computer.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"A private person cannot act unilaterally as an agent or instrument of the state; there must be some degree of governmental knowledge and acquiescence. In the absence of such official involvement, a search is not governmental." *U.S. v. Sherwin*, 539 F.2d 1, 6 (9th Cir.1976). There is no evidence on the record that the government was in any way involved with or had prior knowledge of the search.

It is undisputed that no law enforcement agency knew of Willman's search of Kline's computer prior to the search. Our decision in *U.S. v. Walther*, 652 F.2d 788 (9th Cir.1981) does not further Kline's argument. *Walther* provides a narrow exception for cases where, although law enforcement did not know of the informant's specific search in advance, law enforcement's prior acquiescense or encouragement of similar searches in the past serves as implicit approval of *all* the informant's searches, thereby making the informant an agent of the government at all times. *Id.* at 793. In *Walther*, the DEA had maintained a confidential informant file on its informant, registered him as an informant, received information from him on at least eleven occasions, and paid him rewards totaling $800. *Id.* at 790. We found that even though the agency did not know of the specific search in advance, "[t]he DEA either knew or should have known that [the informant] had made it a practice to [conduct illegal searches], and had acquiesced in that practice." *Id.*

■ *Walther* is thus inapposite. Here, the district court erred in considering contacts with law enforcement agencies that occurred *after* Willman searched Kline's computer. "[O]nce a private search is completed, the subsequent involvement of

government agents does not retroactively transform the original intrusion into a governmental search." *Sherwin*, 539 F.2d at 6. The search at issue took place when Willman used his "Trojan Horse" computer virus [1] ("Virus") to search for and download the materials he provided to the Irvine Police Department ("IPD"). The date of that search was well before any contact with the IPD, which was in charge of the investigation. All of Willman's post search contacts with the IPD and later cooperation between the IPD and other law enforcement agencies in the United States and Canada are thus irrelevant.

Nor do the remaining various miscellaneous contacts with other law enforcement agencies create an agency relationship under *Walther*. No law enforcement agency or individual detective involved in this case even knew of Willman's Virus until well after Willman had completed his search of Kline's files. When law enforcement received the evidence of child pornography that came from Kline's computer, it was not even aware of who provided the evidence or how the evidence came to light. Also, no law enforcement agency involved in the case received any evidence from Willman that came from Willman's Virus until after the search was completed. Therefore, no law enforcement agency involved in the case knew or could possibly have known that Willman was illegally searching computers, let alone acquiesced in the practice.

Willman's limited pre-search contacts with law enforcement are insufficient as a matter of law to show that the government had knowledge of and acquiesced in Willman's search of Kline's computer. Therefore the district court erred by finding

---

1. Willman attached his "Trojan Horse" virus to pictures of child pornography on the internet. When an individual downloads a picture, as Kline did, the virus is also download-ed onto that individual's computer. The virus then allows Willman to open, alter, and download files on the infected computer.

Willman to be a government agent at the time of the search. Accordingly, we reverse the district court's order suppressing the evidence that was found as the fruit of Willman's illegal, but private, search.

REVERSED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.